**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Joanne Miata-Kundel, et al,<br>Plaintiffs,<br>v.<br>The Vons Companies, Inc., et al.,<br>Defendants. | Case No. 2:26-cv-02914-NJK<br>**Order**<br>[Docket No. 15] |

Pending before the Court is the parties' stipulation to extend discovery deadlines for 90 days. Docket No. 15.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of

relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.*[1]

"That a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams*, 627 F. Supp. 3d at 1178.

The parties seek to reopen the deadline to amend pleadings or add parties and to extend it and all other case management deadlines by 60 days. *See* Docket No. 14. The parties held their Rule 26(f) conference on October 12, 2026, *see* Docket No. 12 at 1, and were therefore free to begin discovery at that time. The Court issued its scheduling order on October 16, 2026, which adopted the case management deadlines requested by the parties. Docket No. 13. The Court specifically warned the parties that the "case management deadlines are not to be considered tentative in nature. The Court intends to enforce the case management deadlines absent a proper showing that modification is warranted, even if that request is presented jointly or by stipulation." *Id*. at 1. Nonetheless, the parties have engaged in no affirmative discovery whatsoever. Docket No. 15 at 2. *See Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1178 (2022) ("A complete failure to engage in the discovery process is antithetical to the diligence requirement"); *see also Whitfield v. Levi Strauss & Co.*, 2026 U.S. Dist. LEXIS 8924, *2 (2026); *Rhaburn-Perez v. Padilla*, 2026 U.S. Dist. LEXIS 108733, *3 (2026).

On this record, the Court cannot find that the parties have diligently engaged in discovery. Nonetheless, in the interest of resolving this case on its merits and as a one-time courtesy, the Court will grant a 60-day extension of the subject deadlines. During this time, the parties must diligently engage in discovery. Any future request for an extension must comply in full with all Local Rules and Federal Rules and must include an appropriate showing of all required standards.

---

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

Accordingly, the Court **GRANTS** in part and **DENIES** in part the parties' stipulation. Docket No. 15. The Court **RESETS** the case management deadlines as follows:

- Amend pleadings and add parties: January 25, 2027
- Initial experts: February 22, 2027
- Rebuttal experts: March 24, 2027
- Discovery cutoff: April 23, 2027
- Dispositive motions: May 24, 2027
- Joint proposed pretrial order: June 22, 2027, or 30 days after the resolution of dispositive motions

IT IS SO ORDERED.

Dated: October 27, 2026

Nancy J. Koppe
United States Magistrate Judge